JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -4 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 730

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE GILLETTE CO./PERELMAN GROUP SECURITIES LITIGATION

TRANSFER ORDER*

    This litigation presently consists of eleven actions pending in two federal districts: six actions in the Southern District of New York and five actions in the District of Massachusetts. Before the Panel is a motion by plaintiffs in four New York actions to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings in the Southern District of New York.[1/] Plaintiffs in the five Massachusetts actions support the Section 1407 motion. Defendants The Gillette Company (Gillette) and its eleven directors prefer that centralization be achieved through transfer of the constituent actions to the District of Massachusetts for all purposes, pursuant to 28 U.S.C. §1404(a). In the event that the Panel deems Section 1407 transfer appropriate in this docket, Gillette and its directors favor the District of Massachusetts as the transferee forum. Twelve other defendants favor Section 1407 centralization but take no position concerning the appropriate transferee forum. Plaintiff in one New York action (Mann) objects to inclusion of her action in coordinated or consolidated pretrial proceedings in any district other than the Southern District of New York.

    On the basis of the papers filed and the hearing held, the Panel finds that centralization under Section 1407 in the District of Massachusetts will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action is brought as a derivative and/or class action alleging securities and/or common law violations in connection with Gillette's November 24, 1986 agreement to repurchase approximately 9.2 million shares of its stock from entities controlled

---

*   Judge Robert H. Schnacke took no part in the decision of this matter.

[1/]   The Panel has been advised that one other related action (Karlin) is pending in the District of Massachusetts. This action will be treated as a potential tag-along action. See Rule 10(a), R.P.J.P.M.L., 89 F.R.D. 273, 279 (1981).

by Ronald O. Perelman. Transfer under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The District of Massachusetts is the preferable transferee district under the circumstances of this litigation. We note that defendant Gillette is headquartered in that district and six of eleven Gillette director defendants reside in Massachusetts. Therefore many relevant witnesses and documents are likely to be found in the District of Massachusetts. We also note that two of the actions presently pending in the District of Massachusetts were transferred there from other districts under Section 1404(a), with the consent of all parties to those actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Southern District of New York be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-730 -- In re Gillette Co./Perelman Group Securities Litigation</u>

### District of Massachusetts

<u>Morris Cottle, et al. v. Gillette Company, et al.,
C.A. No. 87-0223-WD</u>
<u>James Hayes, etc. v. Gillette Company, et al.,
C.A. No. 86-3453-T</u>
<u>Richard E. Baylis, etc. v. Gillette Company, et al.,
C.A. No. 86-3465-T</u>
<u>Barnett Stepak, etc. v. Revlon Group, Inc., et al.,
C.A. No. 86-3515-T</u>
<u>Frederic F. Brace, III, etc. v. Gillette Company, et al.,
C.A. No. 86-3479-T</u>

### Southern District of New York

<u>Sol Leventhal et al. v. Ronald O. Perelman, et al.,
C.A. No. 86 Civ 9373</u>
<u>Steven Drooker v. Ronald O. Perelman, et al.,
C.A No. 86 Civ 9601</u>
<u>Gilbert Schulman v. Ronald O. Perelman, et al.,
C.A. 86 Civ 9183 (PKL)</u>
<u>Sylvia Martin Mann, et al. v. Orange Acquisition Corp., et al.,
C.A. No. 86 Civ 9124</u>
<u>Irving Kas, etc. v. Ronald O. Perelman, et al.,
C.A. No. 86 Civ 9281</u>
<u>Marion Grill v. Ronald O. Perelman, et al.,
C.A. No. 86 Civ 9458</u>